1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Michael E. Piston (P34568)**
**Attorney for Plaintiff**
**225 Broadway Ste 307**
**New York, NY 10007**
**Telephone: (646) 845-9895**
**Facsimile:  (206) 770-6350**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MANUALE H.  SAKOO,**

        **Plaintiff,**

    **vs.**

**UNITED STATES CITIZENSHIP**
**AND IMMIGRATION SERVICES,**
**an agency of the United States**
**government,**

        **Defendant.**

**No.**

**COMPLAINT**

## I. INTRODUCTION

1.     This is an action brought pursuant to section 10b of the
Administrative Procedure Act, 5 U.S. § 702, et seq., seeking review of a decision
of the United States Citizenship and Immigration Services in File No.
WAC0610852284 automatically revoking  Eveln P. Keka's petition to classify
Manuale H. Sakoo as the married son of a U.S. citizen pursuant to section

1

203(a)(3) of the Immigration and Nationality Act, 8 U.S. § 1153(a)(3), on account of Eveln P. Keka's death.

## II. PARTIES

2.      Manuale H. Sakoo, a citizen and resident of Germany, is the married son of Eveln P. Keka, a deceased citizen of the United States, who resided at the time of her death in the City of Warren, Macomb County, Michigan.

3.      The defendant, United States Citizenship and Immigration Services (hereinafter USCIS), is an agency of the United States government residing in the District of Columbia.

## III. JURISDICTION

4.      This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S. § 1101, et. seq., original jurisdiction over this matter is vested in this Court by 28 U.S. § 1331. Further, Manuele H. Sakoo, being the beneficiary of Eveln P. Keka's immigrant visa petition, has standing to seek review of its revocation. *Bangura v. Hansen*, 434 F.3d 487, 499 (6th Cir. 2006)

## IV. VENUE

5.      Pursuant to 28 U.S. § 1391(e), venue is proper in the Eastern District of Michigan, where a substantial part of the events or omissions giving rise to the claim occurred, that is, where Eveln P. Keka died.

## V. PERTINENT FACTS

6. On February 17, 2006 Eveln P. Keka filed a petition upon behalf of her son, Manuale H. Sakoo, with the USCIS to classify him as the married son of a U.S. Citizen under 8 U.S.C. § 1153(a)(3), which was assigned File No. WAC0610852284 by the USCIS. This petition was approved on November 17, 2007. See attached Exhibit A.

6. On September 27, 2017, Eveln P. Keka passed away in West Bloomfield, Oakland County, Michigan. See attached Exhibit B.

7. Pursuant to 8 C.F.R. § 205.1(a)(3)(i)(B), Eveln P. Keka's death brought about the automatic revocation of her petition upon Manuale H. Sakoo. See attached Exhibit C.

## VI. CAUSE OF ACTION

8. Under the Administrative Procedure Act (APA), the Courts will hold unlawful and set aside the USCIS's revocation of a visa petition if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2).

9. Section 205 of the Immigration and Nationality Act, 8 U.S.C. § 1155, provides in relevant part that "(t)he Secretary of Homeland Security may, at any

time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title.".

10.   8 U.S.C. § 1155 authorizes the USCIS to revoke an immigrant visa petition only if "the evidence of record at the time the decision was issued ... warranted ... [a] denial' of the petition." *Matter of Estime*, 19 I. & N. Dec. 450, 452 (B.I.A.1987)); see also *Matter of Ho*, 19 I. & N. De 582 (B.I.A.1988) (applying *Estime*).

11.   Inasmuch as Eveln P. Keka's death did not terminate her U.S. citizenship, she was still a U.S. citizen upon her death, and therefore Manuale H. Sakoo is still the married son of a U.S. citizen and so the evidence in the record on the date of his mother's death would not have warranted a denial based upon the petitioner's failure to meet her burden of proof. See  *Federiso v. Holder*, 605 F.3d 695, 698-699 (9th Cir. 2010) (son of a U.S. citizen continues to be a son after his mother's *death), Lockhart v. Napolitano*, 573 F.3d 251 (6th Cir. 2009) (death of U.S. citizen spouse not basis for denying petition for alien for alien relative upon behalf of his wife) , *Taing v. Napolitano*, 567 F.3d 19 (1st Cir. 2009) (same), *Freeman v. Gonzales*, 444 F.3d 1031, 1043 (9th Cir. 2006) (same).

12.   Consequently, the revocation of Eveln P. Keka's immigrant visa petition on behalf of Manuale H. Sakoo merely because of Mrs. Keka's death was not in accordance with the law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VI.    RELIEF REQUESTED

WHEREFORE the Plaintiffs respectfully request this Court to hold unlawful and set aside the decision of the defendant in File No. WAC0610852284 and remand this matter to the USCIS with instructions for it to immediately reaffirm this petition and forward it to the National Visa Center for further processing in the normal course.

Respectfully submitted this  26th day  of  May, 2019

s/ *Michael E. Piston*
Michael E. Piston (P34568)
Attorney for the Plaintiff
225 Broadway Suite 307
New York, NY 10007
646-845-9895
Fax: 206-770-6350
Email:
michaelpiston4@gmail.com