UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANUALE H. SAKOO,

     Plaintiff,

     v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

     Defendant.

Case No. 2:19cv11540

Hon. Victoria A. Roberts
Mag. Judge R. Steven Whalen

## <u>DEFENDANT'S MOTION TO DISMISS</u>

Defendant, United States Citizenship and Immigration Services ("USCIS"), by and through its undersigned attorneys, moves this Court for dismissal of this case in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Pursuant to Local Rule 7.1(a), undersigned counsel contacted Plaintiff's counsel to seek concurrence in this motion and conversed with him by Email on July 23, 2019. Plaintiff does not concur with the relief sought in this motion.

Dated: August 13, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division
U.S. Department of Justice

WILLIAM C. PEACHEY
Director

Office of Immigration Litigation

BRIAN C. WARD
Senior Litigation Counsel

*/s/ LINDSAY M. VICK*
LINDSAY M. VICK
Bar No. MA 685569
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, DC 20044
202-532-4023
Lindsay.vick@usdoj.gov

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANUALE H. SAKOO,

    Plaintiff,

    v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

    Defendant.

Case No. 2:19cv11540

Hon. Victoria A. Roberts
Mag. Judge R. Steven Whalen

## DEFENDANT'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

## ISSUES PRESENTED

1.     Whether the Complaint must be dismissed for lack of subject matter jurisdiction because judicial review of the decision to revoke an approved visa petition under 8 U.S.C. § 1155 is barred by 8 U.S.C. § 1252(a)(2)(b)(ii) as a decision specified by statute to be within the discretion of the Secretary of Homeland Security.

2.     Whether the Complaint should be dismissed for failure to state a claim upon which relief can be granted because U.S. Citizenship and Immigration Services' decision to revoke approval of the visa petition after the death of the petitioner is authorized by 8 U.S.C. § 1155 and 8 C.F.R. § 205.1(a)(3)(i)(C).

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

*Berman v. Johnson,*
  No. 16-12560, 2016 WL 7017399 (E.D. Mich. Dec. 1, 2016)...............................9

*Ma v. USCIS Dir.*,
  No. 15-cv-05672-MEJ, 2016 WL 5118367 (N.D. Cal. Sept. 21, 2016) ........ 12-13

*Mehanna v. Dedvukaj,*
  No. 09-14510, 2010 WL 4940016 (E.D. Mich. Nov. 30, 2010) ........................ 8-9

*Mehanna v. USCIS,*
  677 F.3d 312 (6th Cir. 2012) ....................................................................... 1, 8, 9

*Serrano v. Duke*,
  730 F. App'x 344 (6th Cir. 2018)........................................................................9

8 U.S.C. § 1154(l) ........................................................................... 12, 15

8 U.S.C. § 1155 ................................................................................... passim

8 U.S.C. § 1252(a)(2)(B)(ii) ............................................................... 8, 10

8 C.F.R. § 205.1(a)(3)(i)(C) ................................................................. passim

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................ iv

I.      INTRODUCTION .......................................................................1

II.     STATUTORY AND REGULATORY BACKGROUND ............................2

III.    RELEVANT FACTS..................................................................4

IV.     STANDARDS OF REVIEW.........................................................6

        A.      Federal Rule of Civil Procedure 12(b)(1) ............................6

        B.      Federal Rule of Civil Procedure 12(b)(6) ............................6

        C.      The Administrative Procedure Act.......................................7

V.      ARGUMENT...........................................................................7

        A.      Section 1252(a)(2)(B)(ii) bars this Court from exercising jurisdiction
                to review USCIS's discretionary decision to revoke an approved visa
                petition.............................................................................8

        B.      Mr. Sakoo's claim that USCIS erred in revoking Ms. Keka's visa
                petition after her death under 8 C.F.R. § 205.1(a)(3)(i)(C) fails to state
                a plausible claim for relief..............................................10

                1.      USCIS's decision was fully consistent with the statutory and
                        regulatory authorities governing visa petitions........................10

                2.      There is no basis for Mr. Sakoo's argument that he should
                        continue to be classified as the beneficiary of his mother's
                        petition. ...............................................................13

# TABLE OF AUTHORITIES

## CASES

*Abdelwahab v. Frazier*,
   578 F.3d 817 (8th Cir. 2009) ...................................................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................................7

*Berman v. Johnson*,
   No. 16-12560, 2016 WL 7017399 (E.D. Mich. Dec. 1, 2016) ..............................9

*Bernardo v. Johnson*,
   814 F.3d 481 (1st Cir. 2016) ...................................................................9

*El-Khader v. Monica*,
   366 F.3d 562 (7th Cir. 2004) ...................................................................9

*Federiso v. Holder*,
   605 F.3d 695 (9th Cir. 2010) ........................................................... 13, 14

*Freeman v. Gonzales*,
   444 F.3d 1031 (9th Cir. 2006) ......................................................... 14, 16

*Ghanem v. Upchurch*,
   481 F.3d 222 (5th Cir. 2007) ...................................................................9

*Green v. Napolitano*,
   627 F.3d 1341 (10th Cir. 2010) .................................................................9

*Jilin Pharm. USA, Inc. v. Chertoff*,
   447 F.3d 196 (3d Cir. 2006) ....................................................................9

*Kucana v. Holder*,
   558 U.S. 233 (2010) ...............................................................................9

*Lockhart v. Napolitano*,
   573 F.3d 251 (6th Cir. 2009) ......................................................... 14, 16

*Ma v. USCIS Dir.*, No. 15-cv-05672-MEJ, 2016 WL 5118367 (N.D. Cal. Sept. 21, 2016) ................................................................................................ 13, 15

*Mehanna v. Dedvukaj*, No. 09-14510, 2010 WL 4940016 (E.D. Mich. Nov. 30, 2010) ................................................................................................9

*Mehanna v. USCIS*,
   677 F.3d 312 (6th Cir. 2012) ............................................................1, 9

*Moir v. Greater Cleveland Reg'l Transit Auth.*,
   895 F.2d 266 (6th Cir. 1990) ...................................................................6

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*,
   463 U.S. 29 (1983) ...................................................................................7

*Sands v. DHS*,
   308 F. App'x 418 (11th Cir. 2009)...........................................................9

*Scialabba v. Cuellar de Osorio*,
   573 U.S. 41 (2014) ...................................................................................3

*Serrano v. Duke*,
   730 F. App'x 344 (6th Cir. 2018)..............................................................9

*Taing v. Napolitano*,
   567 F.3d 19 (1st Cir. 2009) ........................................................... 14, 16

*Tongatapu Woodcraft Haw., Ltd. v. Feldman*,
   736 F.2d 1305 (9th Cir. 1984) ................................................................4

*United States v. A.D. Roe Co.*,
   186 F.3d 717 (6th Cir. 1999) ...................................................................6

*United States v. Ritchie*,
   15 F.3d 592 (6th Cir. 1994) .....................................................................6

**STATUTES**

5 U.S.C. § 706(2)(A)...................................................................................7

8 U.S.C. § 1101(b)(1)..................................................................................2

8 U.S.C. § 1151(a) ................................................................................2

8 U.S.C. § 1151(b) ........................................................................... 2, 15

8 U.S.C. § 1153(a) ................................................................................2

8 U.S.C. § 1153(e) ................................................................................3

8 U.S.C. § 1154.................................................................. 4, 8, 11, 14

8 U.S.C. § 1154(a) .............................................................................2, 3

8 U.S.C. § 1154(b) ...............................................................................3

8 U.S.C. § 1154(l) .......................................................................... 12, 15

8 U.S.C. § 1155 ........................................................................ passim

8 U.S.C. § 1227 ..................................................................................14

8 U.S.C. § 1227(a)(1)(H)(i) ............................................................ 13, 14

8 U.S.C. § 1252(a)(2)(B)(ii) ........................................................... 8, 10

Department of Homeland Security Appropriations Act of 2010, Pub. L. No. 111-83, § 568(d)(1), 123 Stat. 2142, 2187 (2009)................................. 12, 15

**RULES**

Fed. R. Civ. P. 12(b)(1).............................................................. 2, 6, 10, 16

Fed. R. Civ. P. 12(b)(6).............................................................. 2, 6, 10, 16

**REGULATIONS**

8 C.F.R. § 204.1(a)................................................................................3

8 C.F.R. § 204.1(b) ...............................................................................3

8 C.F.R. § 204.2(d) ...............................................................................3

8 C.F.R. § 205.1 ...................................................................................4

8 C.F.R. § 205.1(a)(3)(i)(B) ..................................................................5

8 C.F.R. § 205.1(a)(3)(i)(C) ........................................................... passim

8 C.F.R. § 205.1(a)(3)(i)(I) ..................................................................9

8 C.F.R. § 245.1(g)(2) ..........................................................................3

8 C.F.R. § 25.2 (1938) ........................................................................12

# I.   INTRODUCTION

Plaintiff Manuale H. Sakoo ("Mr. Sakoo") seeks judicial review of a decision by United States Citizenship and Immigration Services ("USCIS"), an agency within the Department of Homeland Security ("DHS"), to automatically revoke its approval of a visa petition filed on his behalf by his mother, Eveln P. Keka, because Ms. Keka passed away. Mr. Sakoo asks the Court to find USCIS's actions to be unlawful pursuant to the Administrative Procedure Act ("APA") because he remains the married son of Ms. Keka and therefore remains qualified for a visa.

The Complaint must be dismissed for lack of subject matter jurisdiction. The Court lacks jurisdiction to review the revocation of the visa petition because that decision is committed to the discretion of the Secretary of Homeland Security ("the Secretary"). This Court is bound by controlling Sixth Circuit precedent in *Mehanna v. USCIS*, 677 F.3d 312 (6th Cir. 2012), which held that the decision to revoke an approved visa petition under 8 U.S.C. § 1155 is a decision committed by the Immigration and Nationality Act ("INA") to the discretion of the Secretary and is not subject to judicial review. Even if this Court could rule on Mr. Sakoo's claim, dismissal is appropriate because the Complaint does not state a plausible basis for relief. USCIS adhered to the INA and its implementing regulations, which

1

provide for the revocation of family-sponsored immigrant petitions upon the death of the petitioner.

Therefore, Defendant requests that the Court dismiss this Complaint in its entirety under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.

## II.    STATUTORY AND REGULATORY BACKGROUND

Under the INA, U.S. citizens and lawful permanent residents may petition for certain family members to receive immigrant visas. *See* 8 U.S.C. § 1154(a). There are no annual limitations on the number of visas available for immediate relatives[1] of U.S. citizens. 8 U.S.C. § 1151(b)(2)(A). Family members who are not immediate relatives are subject to four numerically-limited family-sponsored preference categories: (F1) unmarried sons and daughters of U.S. citizens; (F2) spouses, children, and unmarried sons and daughters of lawful permanent residents; (F3) married sons and daughters of U.S. citizens; and (F4) brothers and sisters of U.S. citizens. 8 U.S.C. §§ 1151(a)(1), 1153(a).

A U.S. citizen or lawful permanent resident who wishes to petition for an immigrant visa for a family member must file a Form I-130, Petition for Alien

---

[1] An "immediate relative" is the child or spouse of a U.S. citizen, or the parent of a citizen who is over the age of twenty one. 8 U.S.C. § 1151(b)(2)(A). A "child" for the purposes of the INA must be unmarried and under twenty-one years old. 8 U.S.C. § 1101(b)(1).

2

Relative, with USCIS. 8 U.S.C. § 1154(a)(1); 8 C.F.R. § 204.1(a). The U.S. citizen or lawful permanent resident who files the petition is the petitioner and the alien family member is the beneficiary. If USCIS verifies that the claimed familial relationship is bona fide and that the beneficiary is otherwise eligible for a visa, it will approve the petition. *See* 8 U.S.C. § 1154(b).

If a petition is for a visa in one of the numerically-limited preference categories, approval of the petition places the beneficiary "in line" in the appropriate preference category according to the petition's "priority date," which is the date on which the petition was filed. 8 U.S.C. § 1153(e)(1); 8 C.F.R. §§ 204.1(b), 245.1(g)(2). USCIS forwards approved petitions for beneficiaries living outside the United States to the Department of State's National Visa Center ("NVC") to await visa availability. 8 C.F.R. § 204.2(d)(3). Because annual demand for family-preference visas regularly exceeds the statutory caps, a beneficiary may wait years before a visa becomes available. *See Scialabba v. Cuellar de Osorio*, 573 U.S. 41, 48 (2014). Each month, the Department of State publishes a Visa Bulletin listing a cut-off date for each family-preference category, which indicates that a visa is available for petitions with priority dates that are earlier than the cut-off date. 8 C.F.R. § 245.1(g)(1). A beneficiary living outside of the United States must wait for assignment of a visa number before entering the country. *See* 8 C.F.R. § 204.2(d)(3).

The approval of a visa petition does not guarantee that the beneficiary will receive a visa. *Tongatapu Woodcraft Haw., Ltd. v. Feldman*, 736 F.2d 1305, 1308 (9th Cir. 1984) ("An approved visa petition is merely a preliminary step in the visa application process. It does not guarantee that a visa will be issued.") (citation omitted). Moreover, under 8 U.S.C. § 1155, "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under [8 U.S.C. § 1154]. Such revocation shall be effective as of the date of approval of any such petition." The regulation implementing 8 U.S.C. § 1155 identifies situations in which the revocation of approval is automatic. *See* 8 C.F.R. § 205.1. One such situation is the death of the petitioner if the death occurs before the beneficiary comes to the United States. *See* 8 C.F.R. § 205.1(a)(3)(i)(C).

## III.    RELEVANT FACTS

On February 17, 2006, Eveln P. Keka, a naturalized United States citizen, filed a Form I-130 on behalf of her married son, Manuale H. Sakoo. Compl. ¶¶ 2, 6 (ECF No. 1).[2] Mr. Sakoo is a citizen and resident of Germany. *Id.* ¶ 2.

---

[2] Section V of the Complaint contains two paragraphs labeled "6." This Brief will refer to both paragraphs interchangeably as paragraph 6.

USCIS approved the visa petition on November 17, 2007, and forwarded it to the NVC. *Id.* ¶ 6. At that time, there were no visas available for his preference category, F3 (married sons and daughters of U.S. citizens).[3]

Ms. Keka passed away on September 27, 2017, and on October 15, 2018, the Frankfurt Consulate notified Mr. Sakoo that the visa petition was automatically revoked. *See id.* ¶ 7. USCIS received notice of the petitioner's death on December 3, 2018. Ex. A, USCIS Feb. 6, 2019 Decision. As a result, on February 6, 2019, USCIS issued a written decision notifying the Estate of Eveln P. Keka that, pursuant to 8 C.F.R. § 205.1(a)(3)(i)(C), the visa petition was automatically revoked as of the date of its approval because the petitioner was deceased. Ex. A, at 1.[4]

On May 26, 2019, Mr. Sakoo filed this Complaint, seeking review of USCIS's revocation of Ms. Keka's petition under the APA. Compl. ¶ 1. Mr. Sakoo alleges that the automatic revocation due to Ms. Keka's death is not in accordance

---

[3] For any given category, visas are available only for applicants whose priority date is earlier than the cut-off date listed on the bulletin. Mr. Sakoo's priority date was February 17, 2006, the date Ms. Keka filed the petition. *See* Compl. ¶ 6. The October 2007 visa bulletin listed the cut-off date for third preference applicants from Germany as February 15, 2000. *Visa Bulletin for October 2017*, U.S. Department of State (Sept. 11, 2017), https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin/2008/visa-bulletin-for-october-2007.html.

[4] The Complaint states that the automatic revocation was pursuant to 8 C.F.R. § 205.1(a)(3)(i)(B). Compl. ¶ 7. This is incorrect. Subsection B provides for revocation due to the death of the beneficiary, which has not occurred here.

with the law because he remains the married son of a U.S. citizen after his mother's death since "Keka's death did not terminate her U.S. citizenship." *Id.* ¶¶ 11-12. Mr. Sakoo asks this Court to "hold unlawful and set aside the decision" revoking Ms. Keka's visa petition. *Id.* at 5.

## IV.   STANDARDS OF REVIEW

### A.   Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of subject matter jurisdiction. "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). If the jurisdictional attack is facial, the court must accept the allegations in the complaint as true and construe them in a light most favorable to the non-moving party. *United States v. A.D. Roe Co.*, 186 F.3d 717, 721-22 (6th Cir. 1999); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

### B.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes courts to dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive such a motion, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550

6

U.S. 544, 555 (2007) (internal citations omitted). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## C.   The Administrative Procedure Act

The APA allows a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This standard of review "is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The agency need only "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Id.* (internal quotation marks omitted).

## V.   ARGUMENT

The Complaint must be dismissed for lack of subject matter jurisdiction because, under controlling Sixth Circuit precedent, the decision to revoke an approved visa petition is committed to the unreviewable discretion of the Secretary of Homeland Security. In addition, the Complaint fails to state a claim upon which relief can be granted because USCIS acted in accordance with the law when it revoked the visa petition based upon the death of the petitioner.

7

A.    **Section 1252(a)(2)(B)(ii) bars this Court from exercising jurisdiction to review USCIS's discretionary decision to revoke an approved visa petition.**

Section 1252(a)(2)(B) bars judicial review of discretionary decisions of the

Secretary. It provides, in relevant part, that:

> [N]o court shall have jurisdiction to review . . . (ii) any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 U.S.C. § 1151 et seq.] to be in the discretion of the Attorney General or the Secretary of Homeland Security.

8 U.S.C. § 1252(a)(2)(B)(ii). Section 1252(a)(2)(B)(ii) thus bars review of

USCIS's decision to revoke the visa petition in this case. The visa petition at issue

was revoked pursuant to 8 U.S.C. § 1155, in accordance with the implementing

regulation, 8 C.F.R. § 205.1(a)(3)(i)(C). *See* Ex. A, at 1. Under section 1155,

revocation of an approved visa petition is a discretionary decision: "[t]he Secretary

of Homeland Security *may, at any time, for what he deems to be good and*

*sufficient cause*, revoke the approval of any petition approved by him under [8

U.S.C. § 1154]." 8 U.S.C. § 1155 (emphasis added).

The Sixth Circuit has held, along with the majority of its sister circuits, that

the decision to revoke an approved visa petition under 8 U.S.C. § 1155 is a

decision specified to be within the discretion of the Secretary such that, under

section 1252(a)(2)(B)(ii), it is not subject to judicial review. *Mehanna v. USCIS*,

677 F.3d 312, 315 (6th Cir. 2012), *aff'g Mehanna v. Dedvukaj*, No. 09-14510,

8

2010 WL 4940016 (E.D. Mich. Nov. 30, 2010) (Roberts, J.); *see also Serrano v. Duke*, 730 F. App'x 344, 347 (6th Cir. 2018).[5] The Sixth Circuit held that "[t]he plain language of section 1155 reveals that the Secretary has discretion over visa petition revocation." *Mehanna*, 677 F.3d at 315.[6] The court concluded that the statutory language "provides the 'clear and convincing evidence' required to 'dislodge the presumption' of judicial review in this case." *Id.* at 317 (quoting *Kucana v. Holder*, 558 U.S. 233, 252 (2010)). Based on *Mehanna*, this Court has previously dismissed an identical claim, finding that revocation of a visa petition under 8 C.F.R. § 205.1(a)(3)(i)(C) due to the petitioner's death was an unreviewable discretionary decision. *Berman v. Johnson*, No. 16-12560, 2016 WL 7017399, at *2 (E.D. Mich. Dec. 1, 2016) (Roberts, J.) (dismissing case with prejudice for lack of jurisdiction).

---

[5] *See also Bernardo v. Johnson*, 814 F.3d 481, 484 (1st Cir. 2016); *Green v. Napolitano,* 627 F.3d 1341, 1346 (10th Cir. 2010); *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009); *Sands v. DHS*, 308 F. App'x 418, 419 (11th Cir. 2009); *Ghanem v. Upchurch*, 481 F.3d 222, 224-25 (5th Cir. 2007); *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 204 (3d Cir. 2006); *El-Khader v. Monica*, 366 F.3d 562, 568 (7th Cir. 2004). *But see ANA Int'l, Inc. v. Way*, 393 F.3d 886, 894 (9th Cir. 2004).

[6] The visa petition in *Mehanna* was revoked pursuant to the automatic revocation provisions of the same implementing regulation as in this case, albeit a different subsection, 8 C.F.R. § 205.1(a)(3)(i)(I), which provides for revocation upon the marriage of a person accorded status as a son or daughter of a lawful permanent resident. *Mehanna*, 677 F.3d at 313.

Because the plain language of 8 U.S.C. § 1155 commits the decision to revoke a visa petition to the discretion of the Secretary, section 1252(a)(2)(B)(ii) precludes federal court jurisdiction to review the revocation of the visa petition at issue in this case. Therefore, the Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

**B.      Mr. Sakoo's claim that USCIS erred in revoking Ms. Keka's visa petition after her death under 8 C.F.R. § 205.1(a)(3)(i)(C) fails to state a plausible claim for relief.**

Mr. Sakoo argues that USCIS's decision to revoke approval of the visa petition following Ms. Keka's death was not in accordance with the law because her death did not terminate her U.S. citizenship and thus Mr. Sakoo remains the son of a U.S. citizen. However, USCIS adhered to 8 U.S.C. § 1155 and its implementing regulation, 8 C.F.R. § 205.1(a)(3)(i)(C), when it revoked approval of the petition and therefore Mr. Sakoo has not stated a plausible claim for relief under the APA. Accordingly, the Court should dismiss this case for failure to state a claim upon which relief can be granted under Federal Rule of Evidence 12(b)(6).

**1.      USCIS's decision was fully consistent with the statutory and regulatory authorities governing visa petitions.**

USCIS's decision to automatically revoke Ms. Keka's petition is supported by the record in this case because Ms. Keka's death occurred before Mr. Sakoo obtained a visa or began his journey to the United States. The governing regulation provides for automatic revocation of an approved petition in this situation:

10

(a) Reasons for automatic revocation. The approval of a petition or self-petition made under [8 U.S.C. § 1154] . . . is revoked as of the date of approval:

. . .

(3) If any of the following circumstances occur before the beneficiary's or self-petitioner's journey to the United States commences . . . :

(i) Immediate relative and family-sponsored petitions, other than Amerasian petitions.

. . .

(C) Upon the death of the petitioner, unless:

. . .

(2) [USCIS] determines, as a matter of discretion exercised for humanitarian reasons in light of the facts of a particular case, that it is inappropriate to revoke the approval of the petition. USCIS may make this determination only if the principal beneficiary of the visa petition asks for reinstatement of the approval of the petition and establishes that a person related to the principal beneficiary in one of the ways described in [8 U.S.C. § 1183a] is willing and able to file an affidavit of support under 8 CFR part 213a as a substitute sponsor.

8 C.F.R. § 205.1(a)(3)(i)(C).

The regulation and its application in this case are straightforward, and USCIS's determination that the evidence satisfied the regulatory requirements for automatic revocation is adequately supported by the evidence. USCIS must automatically revoke a petition for an alien relative upon the death of the petitioner if the death occurs before the beneficiary's journey to the United States. 8 C.F.R. § 205.1(a)(3)(i)(C). There is no dispute that Ms. Keka died on September 27, 2017, or that USCIS relied on Ms. Keka's death to revoke her I-130 petition. Compl. ¶ 6; *see* Ex. A, at 1. There is also no dispute that Mr. Sakoo had not yet journeyed to

11

the United States at the time of Ms. Keka's death. *See* Compl. ¶ 2 (stating Mr.

Sakoo resides in Germany). Therefore, USCIS's decision to automatically revoke

Ms. Keka's visa petition was in accordance with the law.

Furthermore, while Congress has amended 8 U.S.C. § 1154 to provide

exceptions from automatic revocation in certain circumstances, it chose not to

create an exception for beneficiaries in Mr. Sakoo's situation who do not live in the

United States at the time of the petitioner's death. For years, the United States has

revoked approved petitions based on the death of the petitioning relative. *See, e.g.*,

8 C.F.R. § 25.2 (1938). In 2009, Congress amended section 1154 to modify this

rule for an alien "who resided in the United States at the time of the death of the

qualifying relative and who continues to reside in the United States." 8 U.S.C.

§ 1154(l); *see also* Department of Homeland Security Appropriations Act of 2010,

Pub. L. No. 111-83, § 568(d)(1), 123 Stat. 2142, 2187 (2009). For these aliens, the

petition can continue to be adjudicated "notwithstanding the death of the qualifying

relative" unless the "Secretary determines, in the unreviewable discretion of the

Secretary, that approval would not be in the public interest." *Id*. This amendment

thus serves to except certain petitions from automatic revocation under 8 U.S.C. §

1155. By expressly limiting this exception to petitioners *who were already in the

United States*, Congress chose not to alter statutory and regulatory authority for

automatic revocation of approval for beneficiaries who are still abroad. *See Ma v.*

12

*USCIS Dir.*, No. 15-cv-05672-MEJ, 2016 WL 5118367, at *6 (N.D. Cal. Sept. 21, 2016) (noting that the 2009 amendment leaves intact a long-standing practice of revoking visa petitions after the death of a petitioner when the beneficiary does not reside in the United States and indicates Congressional intent to adopt that practice).Thus, USCIS's decision to revoke petitions based on the death of a petitioner if the beneficiary has not arrived in the United States is clearly a decision that Congress intended and does not violate the APA.

### 2.    There is no basis for Mr. Sakoo's argument that he should continue to be classified as the beneficiary of his mother's petition.

Mr. Sakoo argues that he should continue to be classified as the beneficiary of his mother's petition despite his mother's death because he "is still the married son of a U.S. citizen." Compl. ¶ 11. However, none of the cases Mr. Sakoo cites in support of this claim address or apply to revocations of visa petitions for beneficiaries in Mr. Sakoo's situation.

Mr. Sakoo relies on *Federiso v. Holder*, 605 F.3d 695 (9th Cir. 2010), to argue that a "son of a U.S. citizen continues to be a son after his mother's *death*." Compl. ¶ 11. However, the Ninth Circuit's decision in *Federiso* was made in an entirely distinct context and addressed the waiver available under 8 U.S.C. § 1227(a)(1)(H)(i), which gives an immigration judge discretion to waive the removal of an alien who already entered the United States on a visa obtained

through fraud if the alien is the son or daughter of a U.S. citizen. *Federiso*, 605 F.3d at 697. The Ninth Circuit held that under the plain language of that statute an alien continued to be the son of a U.S. citizen even after his mother's death for purposes of eligibility for the fraud waiver in section 1227(a)(1)(H)(i) because there was no requirement "set forth in the immigration law" that the parent be alive to qualify for the waiver. *Federiso*, 605 F.3d at 696. The statutes governing the issue in this case, however, do not contain the same language as in *Federiso*. Here, there is clear statutory and regulatory authority for USCIS to revoke approval of a petition upon death of the petitioner where the beneficiary is not in the United States. *Compare Federiso*, 605 F.3d at 696; 8 U.S.C. § 1227(a)(i)(H)(i), *with* 8 U.S.C. §§ 1154, 1155.

Mr. Sakoo cites three additional cases—*Lockhart v. Napolitano*, 573 F.3d 251 (6th Cir. 2009); *Taing v. Napolitano*, 567 F.3d 19 (1st Cir. 2009); *Freeman v. Gonzales*, 444 F.3d 1031 (9th Cir. 2006). Compl. ¶ 11. Mr. Sakoo seems to cite these cases for the proposition that the death of a visa petitioner is not a basis for denying a visa petition where the evidence "in the record on the date of the mother's death would not have warranted a denial based upon the petitioner's failure to meet her burden of proof." Compl. ¶ 11. These cases do not stand for Mr. Sakoo's proposed proposition.

These cases dealt with petitions filed on behalf of aliens who, unlike Mr. Sakoo, sought visas as immediate relatives under 8 U.S.C. § 1151(b)(2)(A) based on their marriage to U.S. citizens, and the decisions address the statutory definition of "immediate relative." None of these cases addressed petitions for aliens who are not immediate relatives, like Mr. Sakoo, nor do they address section 1155 or the revocation of approved petitions. *See Ma*, 2016 WL 5118367, at *6 (noting that neither *Freeman* nor *Federiso* mention 8 U.S.C. § 1155). All of these cases involved a beneficiary who was in the United States at the time that the petitioner died, and the beneficiary fell into a carve out created by Congress for surviving spouses of U.S. citizens who, among other things, had resided in the United States for at least two years at the time of the U.S. citizen's death. *See* 8 U.S.C. § 1151(b)(2)(A)(i). Mr. Sakoo does not meet the definition of a surviving spouse of a U.S. citizen; thus, these cases are inapplicable to him. To be sure, has Mr. Sakoo resided in the United States at the time the petitioner died, he could qualify for relief under section 1154(l).

Moreover, all of these cases predated the 2009 amendment to section 1154(l) where Congress set out a specific list of petitions that could continue to be adjudicated following the death of the petitioner based in part on whether the beneficiary was already in the United States. *Compare* Department of Homeland Security Appropriations Act of 2010, Pub. L. No. 111-83, § 568(d)(1), 123 Stat.

2142, 2187 (Oct. 28, 2009), *with Lockhart*, 573 F.3d at 251 (decided July 20, 2009); *Taing*, 567 F.3d at 19 (decided May 20, 2009); *Freeman*, 444 F.3d at 1031 (decided April 21, 2006).

## VI.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: August 13, 2019                Respectfully submitted,

                                      JOSEPH H. HUNT
                                      Assistant Attorney General
                                      Civil Division
                                      U.S. Department of Justice

                                      WILLIAM C. PEACHEY
                                      Director
                                      Office of Immigration Litigation

                                      BRIAN C. WARD
                                      Senior Litigation Counsel

                                      */s/ LINDSAY M. VICK*
                                      LINDSAY M. VICK
                                      Trial Attorney
                                      United States Department of Justice
                                      Office of Immigration Litigation
                                      District Court Section
                                      P.O. Box 868
                                      Washington, DC 20044
                                      202-532-4023
                                      Lindsay.vick@usdoj.gov

                                      *Attorneys for Defendant*

16

## CERTIFICATION OF SERVICE

I hereby certify that on August 13, 2019, I electronically filed the foregoing

document with the Clerk of the Court using the ECF system which will send

notification of such filing to the following:

> MICHAEL E. PISTON
> 225 Broadway Suite 307
> New York, NY 10007
> michaelpiston4@gmail.com

> */s/ LINDSAY M. VICK*
> LINDSAY M. VICK
> Trial Attorney
> United States Department of Justice

17