# EXHIBIT A

February 6, 2019

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92607-0590





EVELN PETRUS KEKA
1464 BURRIS DR
EL CAJON, CA 92019

WAC0610852284

RE: MANUALE HANNA MAROGEE SAKOO
I-130, Petition for Alien Relative

## DECISION

This notice is in reference to the Petition for Alien Relative (Form I-130) filed by EVELN PETRUS KEKA on February 17, 2006.

On December 3, 2018, this office received information that the petitioner is now deceased. The U.S. Citizenship and Immigration Services extends its sincerest condolences to all concerned.

In accordance with 8 C.F.R. 205.1(a)(3)(i)(C), the approval of the petition is automatically revoked as of the date of its approval because the petitioner is deceased. All USCIS action in this matter is terminated as of the date of this notice. There is no appeal to this decision.

However, if you are interested in requesting that the petition's approval be reinstated, please refer to the following information and direct your response, along with a copy of this letter, to:

U.S. CITIZENSHIP AND IMMIGRATION SERVICES
ATTN:  HUMANITARIAN REINSTATEMENT
P.O. BOX  10130
LAGUNA NIGUEL   CA   92607-1013

8 C.F.R. 205.1(a)(3)(i)(C)(2) provides for discretionary humanitarian reinstatement; however, a favorable discretionary decision is only warranted when compelling factors exist.

Public Law 107-150 allows for the acceptance of an affidavit of support from another eligible sponsor if the original sponsor is deceased and the Secretary of Homeland Security [Attorney General] has determined for humanitarian reasons that the original sponsor's classification petition should not be revoked. Although PL 107-150 allows another family member to take over the financial responsibility on a Form I-864, such legislation did not change the way we assess the factors when giving humanitarian consideration for the purpose of reinstating a petition's approval following the death of the petitioner.

In evaluating requests for humanitarian reinstatement of a petition, USCIS has traditionally considered the following factors:

   1. The impact of revocation on the family unit in the United States, especially on U.S. citizen or

<ol start="1">
<li>LPR relatives or other relatives living lawfully in the U.S.;</li>
<li>The beneficiary's advanced age or poor health;</li>
<li>The beneficiary's having resided in the U.S. lawfully for a lengthy period;</li>
<li>The beneficiary's ties to his or her home country; and</li>
<li>Significant delay in processing the case after approval of the petition and after a visa number has become available, if the delay is reasonably attributable to the Government, rather than the alien.</li>
<li>Family ties in the U.S- Although family ties in the U.S. are a major consideration, there is no requirement for the alien beneficiary to show extreme hardship to the alien, or to relatives already living lawfully in the U.S., in order for the approval to be reinstated.</li>
</ol>

Any request will be deemed more persuasive when supported by corroborative documentary evidence. For example, a claim of poor health should be accompanied by a physician's statement describing, in layman's terms, the individual's health. The Department of State's visa availability lists are not considered a cause for an undue delay, as they are inherent to the immigration process. Further, evidence and/or information regarding any other humanitarian reason for petition reinstatement may be submitted for consideration.

In addition to addressing the relevant factors above, please comply with the following:

**REQUEST FOR REINSTATEMENT**: The principal beneficiary, Manuale Sakoo, must provide a signed statement requesting the humanitarian reinstatement of the approved petition. If the principal beneficiary is under the age of 14 years, his/her legal guardian may prepare and sign the request for reinstatement.

**PUBLIC CHARGE**: One of the eligibility requirements for humanitarian reinstatement is evidence that the beneficiary will not become a financial burden to the U.S. Government in the event the petition is reinstated and he/she becomes a Lawful Permanent Resident. This can be done by complying with either of the two following options.



Option 1 - Submit a Form I-864, Affidavit of Support Under Section 213 of the Act, properly prepared by a substitute sponsor who is related to the beneficiary in one of the following ways:

- Spouse,
- Parent,
- Mother-in-law or father-in-law,
- Child who is at least 18 years of age, son or daughter,
- Son-in-law or daughter-in-law,
- Brother or sister,
- Sister-in-law or brother-in-law,
- Grandparent,
- Grandchild or
- A legal guardian

This form can be downloaded from the USCIS website at: www.uscis.gov.

Along with the Form I-864, the beneficiary must submit documentary evidence to establish the familial relationship to the qualifying substitute sponsor. Such evidence would include the relevant birth certificates and/or marriage certificates issued by the appropriate civil authority, depending on the specific relationship. The beneficiary must also submit documentary evidence to establish that the substitute sponsor is either a citizen or lawful permanent resident of the U.S.

<u>Option 2</u> – Submit a Form I-864W, Intending Immigrant's Affidavit of Support Exemption, reflecting the beneficiary's qualifying 40 quarters of employment in the U.S., as acknowledged by the Social Security Administration. Under certain circumstances, past U.S. employment of the beneficiary's spouse and/or parents may be credited toward the required 40 quarters. See the Form I-864W instructions for more information. This form can be downloaded from the USCIS website at: www.uscis.gov.

After a thorough review of the response, a decision will be made. Please clearly reference and annotate the above file number on any response submitted.

Sincerely,

*Kathy A. Baran* (signature)

Kathy A. Baran
Director
Officer: AD0409