Michael E. Piston (P34568)
Attorney for Plaintiff
225 Broadway Ste 307
New York, NY 10007
Telephone: (646) 845-9895
Facsimile:  (206) 770-6350

UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MANUALE H. SAKOO,<br><br>        Plaintiff,<br><br>    vs.<br><br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>an agency of the United States government,<br><br><br>        Defendant. | No. 2:19-cv-11540-VAR-RSW<br><br><br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................ ii

SUMMARY OF ARGUMENT ........................................................................................1

ARGUMENT ...................................................................................................................2

   I.     8 C.F.R. § 205.1(a)(3)(i)(C) IS NOT IN ACCORDANCE WITH LAW......................2
   A. THERE IS NO JURISDICTIONAL BAR TO REVIEW OF THE ESTABLISHMENT
      OF REGULATIONS ...................................................................................2

   B. 8 C.F.R. . § 205.1(a)(3)(i)(C) IS INVALID BECAUSE APPLICATION OF THE
      PRINCIPLES OF LOCKHART AND ESTIME SHOWS THAT IT IS INCONSISTENT
      WITH 8 U.S.C. § 1155 ...............................................................................2

   C. 8 U.S.C. § 1154(L) REINFORCES § 205.1(a)(3)(i)(C)'s INVALIDITY .........................2

   D. *DESAI* CONTRAVENES THE PRESUMPTION AGAINST IMPLIED REPEAL OR
      AMENDMENT..........................................................................................9

   II.    THE USCIS'S REVOCATION OF MR. SAKOO'S VISA PETITION SHOULD BE
       HELD UNLAWFUL AND SET ASIDE IN THAT IT IS NOT IN ACCORDANCE
       WITH LAW. ...........................................................................................11

   A. THE REVOCATION OF MR. SAKOO'S PETITION RELIED SOLELY UPON THE
      USCIS'S INVALID REGULATION AT § 205.1(a)(3)(i)(C)...........................................11

   B. 8 U.S.C. § 1252(a)(2)(B)(ii) DOES NOT BAR THE REVIEW OF SUBSTANTIVE
      ERRORS OF LAW.....................................................................................12

   C. 8 U.S.C. § 1252(a)(2)(B)(ii) DOES NOT BAR THE REVIEW OF PROCEDURAL
      ERRORS OF LAW.....................................................................................13

CONCLUSION...............................................................................................................14

# <u>TABLE OF AUTHORITIES</u>

## CASES

*Berman v. Johnson,*
No. 16-12560, 2016 WL 7017399, at *2 (E.D. Mich. Dec. 1, 2016) .................................2

*Billeke-Tolosa v. Ashcroft,*
385 F.3d 708, 711 (6th Cir. 2004) ....................................................................................12

*Branch v. Smith,*
538 U.S. 254, 273 (2003)..................................................................................................10

*Citizens for Responsibility & Ethics in Wash. v. FEC,*
316 F. Supp. 3d 349, 367 (D.D.C. 2018).........................................................................11

*Desai v. USCIS,*
2015 U.S. Dist. LEXIS 97084 (C.D. Cal. July 24, 2015)....................................6, 7, 9, 10

*Federiso v. Holder,*
605 F.3d 695, 698-699 (9th Cir. 2010) ..............................................................................6

*Freeman v. Gonzales,*
444 F.3d 1031, 1043 (9th Cir. 2006) ......................................................................3, 6, 10

*Keene Corp. v. United States,*
508 U.S. 200, 208, 113 S. Ct. 2035, 124 L. Ed. 2d 118 (1993)...........................................3

*King v. Smith,*
392 U.S. 309, 333 (1968)....................................................................................................6

*Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.,*
775 F.3d 1255, 1262 (11th Cir. 2014) .............................................................................14

*Lockhart v. Napolitano,*
573 F.3d 251, 257 (6th Cir. 2009) ..................................................................1-6, 8-10, 12

*Ma v. USCIS Dir.,*
No. 15-cv-05672-MEJ, 2016 WL 5118367 (N.D. Cal. Sept. 21, 2016)...........................6

*Manguriu v. Lynch,*
794 F.3d 119, 122 (1st Cir. 2015).....................................................................................14

*Mantena v. Johnson,*
809 F.3d 721, 729 (2d Cir. 2015)......................................................................................14

*Matter of Estime*,
    19 I. & N. Dec. 450, 452 (B.I.A.1987) .........................................................2, 5

*Matter of Ho*,
    19 I. & N. Dec. 582 (B.I.A.1988) ..................................................................5

*Mehanna v. USCIS*,
    677 F.3d 312, 315 (6th Cir. 2012) ...........................................................2, 12

*Pfeiffer v. Marion Ctr. Area Sch. Dist.*,
    917 F.2d 779, 781 (3d Cir. 1990)................................................................13

*Sharkey v. Quarantillo*,
    541 F.3d 75, 86 (2d Cir. 2008).....................................................................14

*St. Martin Evangelical Lutheran Church v. South Dakota*,
    451 U.S. 772, 788 (1981) .......................................................................... 10

*Taing v. Napolitano*,
    567 F.3d 19 (1st Cir. 2009)..........................................................................10

*United States v. Batchelder*,
    442 U.S. 114, 118, (1979) ...........................................................................11

## STATUTES

5 U.S.C. § 706(2) ...............................................................................................6

8 U.S.C. § 1103(a) .........................................................................................1, 2

8 U.S.C. § 1151 ..................................................................................................3

8 U.S.C. § 1151(b)(2)(A)(i) ...........................................................................3, 4

8 U.S.C. § 1153(a) .........................................................................................4, 5

8 U.S.C. § 1153(a)(3) .........................................................................................8

8 U.S.C. § 1154(a)(1)(A) ....................................................................................3

8 U.S.C. § 1154(a)(1)(A)(ii) ...............................................................................3

8 U.S.C. § 1154(l) ...................................................................................... 6, 8-10

8 U.S.C. § 1155..........................................................................................2, 6, 11

8 U.S.C. § 1252(a)(2)(B) ............................................................................................2

8 U.S.C. § 1252(a)(2)(B)(ii) ............................................................................. 1, 11-14

## REGULATIONS

8 C.F.R. § 205.1(a)............................................................................................2

8 C.F.R. § 205.1(a)(3)(i)(C)..................................................................1, 2, 6, 11, 14

8 C.F.R. § 205.2 ................................................................................................13, 14

8 C.F.R. § 205.2(b) .............................................................................................13

## <u>SUMMARY OF ARGUMENT</u>

The USCIS has moved the Court to dismiss Mr. Sakoo's complaint on the grounds that this Court lacks subject matter jurisdiction over this action because its decision to revoke his mother's petition upon his behalf was specified under Title II of the Immigration and Nationality Act (the Act) to be in the discretion of the Secretary of Homeland Security. In response, Mr. Sakoo has filed (as a matter of course) an amended complaint asking this Court to hold unlawful and set aside the agency's decision establishing 8 C.F.R. § 205.1(a)(3)(i)(C), and cross-moved for summary judgment in his favor. Inasmuch as the authority to establish regulations is contained in 8 U.S.C. § 1103(a), which is specified under Title I (and not Title II) of the Act, this Court's review of the establishment of this regulation is not barred by 8 U.S.C. § 1252(a)(2)(B)(ii). Further, Mr. Sakoo will show that this regulation is inconsistent with the law set forth by the Sixth Circuit in *Lockhart v. Napolitano*, 573 F.3d 251, 257 (6th Cir. 2009). Finally, Mr. Sakoo will show that this Court has jurisdiction to review the revocation of his mother's petition on his behalf in that inasmuch as 8 C.F.R. § 205.1(a)(3)(i)(C), upon which the revocation entirely relied, is invalid, the decision was erroneous as a matter of both substantive and procedural law, both of which are well-established exceptions to the § 1252(a)(2)(B)(ii) bar. Accordingly, this Court should deny the defendant's motion to dismiss and grant summary judgment in Mr. Sakoo's favor.

## ARGUMENT

### I.   8 C.F.R. § 205.1(a)(3)(i)(C) IS NOT IN ACCORDANCE WITH LAW

#### A.  THERE IS NO JURISDICTIONAL BAR TO REVIEW OF THE ESTABLISHMENT OF REGULATIONS

This Court is not barred from reviewing  the establishment of such regulations as are deemed

necessary for carrying out the provisions of the INA under 8 U.S.C. § 1103(a), inasmuch as this

authority falls under Title I, rather than Title II of the Act.  8 U.S.C. § 1252(a)(2)(B). *Mehanna v.*

*USCIS*,  677 F.3d 312, 315 (6th Cir. 2012) and  *Berman v. Johnson*, No. 16-12560, 2016 WL

7017399, at *2 (E.D. Mich. Dec. 1, 2016) are distinguishable because in neither of those cases

was the validity of § 205.1(a)(3)(i)(C) itself being reviewed, only its application.

#### B.  8 C.F.R. . § 205.1(a)(3)(i)(C) IS INVALID BECAUSE  APPLICATION OF THE PRINCIPLES OF LOCKHART V. NAPOLITANO AND MATTER OF ESTIME SHOWS THAT IT IS INCONSISTENT  WITH 8 U.S.C. § 1155

**8 C.F.R. § 205.1(a) provides in relevant part that:**

> Reasons for automatic revocation. The approval of a petition or self-petition made under section 204 of the Act and in accordance with part 204 of this chapter is revoked as of the date of approval:
> **…**
> **(3)** If any of the following circumstances occur before the beneficiary's or self-petitioner's journey to the United States commences or, if the beneficiary or self-petitioner is an applicant for adjustment of status to that of ..a permanent resident, before the decision on his or her adjustment application becomes final:
> **(i)** Immediate relative and family-sponsored petitions, other than Amerasian petitions …
> **(C)** Upon the death of the petitioner, unless: (immaterial exceptions omitted)

Application of the standards set forth by the Sixth Circuit in  *Lockhart v. Napolitano*,

573 F.3d 251 (6th Cir. 2009) to this action  establishes that § 205.1(a)(3)(i)(C), to the extent it

automatically revokes a petition filed upon behalf of a married son of a U.S. citizen due to the death of his petitioner, is ultra vires inasmuch as it cannot be reconciled with the statutory requirement that the Secretary of Homeland Security have good and sufficient cause for revoking a petition.

In *Lockhart* the Court began its analysis by observing that:

The relevant part of 8 U.S.C. § 1151 defines an "immediate relative" as:

> the children, spouses, and parents of a citizen of the United States, except that, in the case of parents, such citizens shall be at least 21 years of age. In the case of an alien who was the spouse of a citizen of the United States for at least 2 years at the time of the citizen's death and was not legally separated from the citizen at the time of the citizen's death, the alien (and each child of the alien) shall be considered, for purposes of this subsection, to remain an immediate relative after the date of the citizen's death but only if the spouse files a petition under section 204(a)(1)(A)(ii) [8 U.S.C. § 1154(a)(1)(A)(ii)] within 2 years after such date and only until the date the  [*256]  spouse remarries. For purposes of this clause, an alien who has filed a petition under clause (iii) or (iv) of section 204(a)(1)(A) of this Act [8 U.S.C. § 1154(a)(1)(A)] remains an immediate relative in the event that the United States citizen spouse or parent loses United States citizenship on account of the abuse.

 8 U.S.C. § 1151(b)(2)(A)(i). According to the plain language of the first sentence of 8 U.S.C. § 1151(b)(2)(A)(i), " spouses" are "immediate relatives." In the first sentence of the "immediate relative" provision, "[o]nly alien parents are subject to any limitation, with the grant of 'immediate relative' status being restricted to those whose citizen child is at least 21 years of age." Freeman, 444 F.3d at 1039; see also § 1151(b)(2)(A)(i). Given that "[t]here is no comparable qualifier to be a "spouse"--that is, a requirement that the marriage must have existed for at least two years"-- we must assume that Congress intended no limitation on that term beyond the requirement that both parties are present for the marriage ceremony. Freeman, 444 F.3d at 1039 (quoting Keene Corp. v. United States, 508 U.S. 200, 208, 113 S. Ct. 2035, 124 L. Ed. 2d 118 (1993)"[W]here Congress includes particular language in one section of a statute but omits it in another . . ., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.")).

The question, then, is whether the second sentence of the "immediate relative" provision modifies the first, such that an alien widow or widower is no longer a "spouse" if she or he had not been married for two years at the  time of the citizen-spouse's death. We find that it does not.

3

*Lockhart v. Napolitano*, 573 F.3d 251, 255-56 (6th Cir. 2009)

Here the Court is faced with virtually the same question, that being whether a married son is still a family-sponsored immigrant under 8 U.S.C. § 1153(a) if his mother dies. Exactly the same reasons that led the court to conclude in *Lockhart* that the spouse of a deceased citizen continued to be an "immediate relative" under 8 U.S.C. § 1151(b)(2)(A)(i) also show that a married son continues to be a family-sponsored immigrant under 8 U.S.C. § 1153(a) here, without even the need to distinguish the language to the contrary which troubled the court in *Lockhart*.

8 U.S.C. § 1153(a) provides in relevant part that:

(a) Preference allocation for family-sponsored immigrants.--Aliens subject to the worldwide level specified in section 201(c) for family-sponsored immigrants shall be allotted visas as follows:

(1) Unmarried sons and daughters of citizens.--Qualified immigrants who are the unmarried sons or daughters of citizens of the United States shall be allocated visas in a number not to exceed 23,400, plus any visas not required for the class specified in paragraph (4).

(2) Spouses and unmarried sons and unmarried daughters of permanent resident aliens.-- Qualified immigrants--Ed note

(A) who are the spouses or children of an alien lawfully admitted for permanent residence, or

(B) who are the unmarried sons or unmarried daughters (but are not the children) of an alien lawfully admitted for permanent residence, shall be allocated visas in a number not to exceed 114,200, plus the number (if any) by which such worldwide level exceeds 226,000, plus any visas not required for the class specified in paragraph (1); except that not less than 77 percent of such visa numbers shall be allocated to aliens described in subparagraph (A).

(3) Married sons and married daughters of citizens.--Qualified immigrants who are the married sons or married daughters of citizens of the United States shall be allocated visas in a number not to exceed 23,400, plus any visas not required for the classes specified in paragraphs (1) and (2).

(4) Brothers and sisters of citizens.--Qualified immigrants who are the brothers or sisters of citizens of the United States, if such citizens are at least 21 years of age, shall be allocated visas in a number not to exceed 65,000, plus any visas not required for the classes specified in paragraphs (1) through (3).

Applying the reasoning of *Lockhart* to the provisions of this section leads quickly to the conclusion that married sons continue to be family-sponsored immigrants even after their petitioning parent is deceased. According to the plain language of the sixth sentence of 8 U.S.C. § 1153(a), " married sons"  of U.S. citizens are "family-sponsored immigrants." Further, in  the "family-sponsored immigrant" provision, only alien brothers and sisters are subject to any limitation, with the grant of "family-sponsored immigrant" status being restricted to those whose citizen sibling is at least 21 years of age. Given that there is no comparable qualifier of any sort to be a married son  we must assume that Congress intended no limitation on that term.  Further, here, unlike in *Lockhart*, there is no additional (and potentially disqualifying) definition of the relevant term (in *Lockhart*, "immediate relative", here "family-sponsored immigrant"),  which needs to be explained away. Thus it is in fact considerably clearer that married sons continue to be family-sponsored immigrants after their parents' deaths  than that the spouses of deceased U.S. citizens continue to remain immediate relatives.

Section 205 of the Immigration and Nationality Act, 8 U.S.C. § 1155, provides  in relevant part  that  "(t)he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title.". "Good and sufficient cause" exists only where the evidence of record if unexplained and unrebutted, would warrant a denial based on the petitioner's failure to meet his or her burden of proof. *Matter of Estime*, 19 I. & N. Dec. 450, 452 (B.I.A.1987)); see also *Matter of Ho*, 19 I. & N. Dec. 582 (B.I.A.1988) (applying *Estime*).

As was just shown above, the death of a U.S. citizen petitioner does not constitute evidence which if unexplained and unrebutted, would warrant a denial of a visa petition upon behalf of her married son, based on the petitioner's failure to meet her burden of proof. *See Lockhart* (death of U.S. citizen spouse not basis for denying petition for alien relative upon behalf of his wife), *Taing v. Napolitano*, 567 F.3d 19 (1st Cir. 2009) (same), *Freeman v. Gonzales*, 444 F.3d 1031, 1043 (9th Cir. 2006) (same), *Federiso v. Holder*, 605 F.3d 695, 698-699 (9th Cir. 2010) (son of a U.S. citizen continues to be a son after his mother's death).

Accordingly, inasmuch as § 205.1(a)(3)(i)(C) requires that a petition filed by a U.S. citizen be automatically revoked upon the death of the petitioner, despite the lack of evidence which if unexplained and unrebutted, would warrant a denial of a visa petition upon behalf of her married son, it is not in accordance with law in that it is contrary to 8 U.S.C. § 1155's requirement that revocation of immigrant visa petitions be for good and sufficient cause. A regulation which is inconsistent with the statute which it purports to interpret is not in accordance with law and so invalid. *King v. Smith*, 392 U.S. 309, 333 (1968).

Therefore the establishment of 8 C.F.R. § 205.1(a)(3)(i)(C) as a regulation construing section 205 of the Act, 8 U.S.C. § 1155, is unlawful and should be set aside as not in accordance with law. 5 U.S.C. § 706(2).

## C.  8 U.S.C. § 1154(l) REINFORCES § 205.1(a)(3)(i)(C)'s INVALIDITY

Nevertheless, the validity of § 205.1(a)(3)(i)(C) might be defended by reference to *Desai v. USCIS*, 2015 U.S. Dist. LEXIS 97084 (C.D. Cal. July 24, 2015)[1], which held that the

---

[1] The same reasoning appears in *Ma v. USCIS Dir.*, No. 15-cv-05672-MEJ, 2016 WL 5118367 (N.D. Cal. Sept. 21, 2016).

enactment of INA § 1154(l) evinced a congressional intention that a married son of a U.S. citizen who did not reside in the U.S. at the time of his petitioner's death should not be eligible to immigrate. However, careful review of § 1154(l) demonstrates no such intent. In fact, § 1154(l) provides additional compelling  reasons for invalidating § 205.1(a)(3)(i)(C), in that this statutory provision is absolutely irreconcilable with this regulation.

§ 1154(l) provides in relevant part that:

Surviving relative consideration for certain petitions and applications

(1) In general. An alien described in paragraph (2) who resided in the United States at the time of the death of the qualifying relative and who continues to reside in the United States shall have such petition described in paragraph (2), or an application for adjustment of status to that of a person admitted for lawful permanent residence based upon the family relationship described in paragraph (2), and any related applications, adjudicated notwithstanding the death of the qualifying relative, unless the Secretary of Homeland Security determines, in the unreviewable discretion of the Secretary, that approval would not be in the public interest.

*Desai* held that:

The text of § 1154(l) indicates that Congress intends that certain petitions be denied where the citizen sponsor has died unless the requirements of § 1154(l) are met. Section 1154(l) would make no sense if Congress did not approve of the general practice of denying petitions where the citizen relative has died — there is no need for an exception to a rule that does not properly exist. As there is no dispute that Plaintiff has never resided in the United States — and, therefore, does not qualify for the § 1154(l) exception — and that his petition was approved after the effective date of § 1154(l), the Court must conclude Defendant had good and sufficient cause to revoke the petition.

However, the claim that Congress, by providing that married sons (and other family - sponsored immigrants and immediate relatives ) residing in the U.S. at the time of their petitioners' deaths should be able to immigrate despite those deaths, intended that married sons

7

who did not reside in the U.S. when their petitioners died should not be able to immigrate,

reflects exactly the same reasoning rejected by the Sixth Circuit in *Lockhart.*  In *Lockhart* the

court held that the fact that Congress defined the term "immediate relative" to include a spouse

who had been married to a U.S. citizen for at least 2 years did not preclude the term from also

including spouses whose petitioners died after less than 2 years of marriage:

> The grammatical structure of the immediate relative provision provides evidence that the first and second sentences of § 1151(b)(2)(A)(i) are two distinct provisions. Unlike the limitation placed on parents, Congress did not explicitly impose a two-year marriage-duration requirement on the term "spouse" in the first sentence. …
>
> [i]t is relevant that Congress introduced the two-year durational requirement for certain alien widows in a separate sentence of the statute. The grammatical structure of this statute suggests that the second sentence stands independent of the first and does not qualify the general definition of spouse.

> *Lockhart,* 573 F.3d at 256.

If the mere fact that the requirement that a noncitizen spouse be married to a citizen for

two years to qualify as an immediate relative is in a different sentence from the general definition

of immediate relative establishes that this second definition of immediate relative was not

intended to modify the first one in the immediately preceding sentence,  so too the fact that the

provision that a resident married son may immigrate to the U.S. despite his citizen parent's death

is in an entirely different section of the Act (8 U.S.C. § 1154(l)) than the provision which

generally permits married sons to immigrate (8 U.S.C. § 1153(a)(3)), dictates that they are two

distinct provisions as well. Accordingly, § 1154(l) does not modify the term "married son" as it

appears in § 1153(a)(3).

Therefore, inasmuch as the plain meaning of the phrase "immediate relative" does not exclude a noncitizen spouse whose citizen partner has died (even after less than two years of marriage), so too the plain meaning of "married sons" does not exclude those whose citizen parents have died when those sons were outside the U.S..  Just as the special benefits which Congress conferred upon noncitizens whose citizen spouse died after 2 years of marriage did not modify the meaning of "immediate relative", because it was in a different sentence, so too the special benefits conferred upon married sons whose parent died while they resided in the U.S. did not modify the meaning of "married son" in another section altogether. Accordingly, Mr. Sakoo remains a married son regardless of the benefits conferred upon married sons who resided in the U.S. when their petitioner died, and the revocation of his mother's petition upon his behalf was not in accordance with law.

Whatismore, § 1154(l) in fact reinforces the invalidity of § 205.1(a)(3)(i)(C) inasmuch as §1154(l) manifests an unmistakable intent that the immediate relatives and family-sponsored immigrants who resided in the U.S. at the time of their petitioners' deaths should complete the process of immigrating to the U.S.  which, of course, requires a valid, unrevoked immigrant visa petition. This is of course absolutely irreconcilable with § 205.1(a)(3)(i)(C), which automatically revokes all family based petitions upon the death of the petitioner, regardless of the beneficiary's residence. Therefore any doubts regarding the invalidity of this regulation should be put to rest by the enactment of § 1154(l).

### D. *DESAI* CONTRAVENES THE PRESUMPTION AGAINST IMPLIED REPEAL OR AMENDMENT

Further, *Desai's* interpretation of 8 U.S.C. § 1154(l) was wrong because it is contrary to the presumption against implied repeal or amendment.  As illustrated by *Lockhart*, prior to the

enactment of this section it was the law of this circuit and in fact a majority of the circuits that addressed the issue[2] that the death of a petitioner did not disqualify the beneficiary of a family based petition from immigrating. Therefore to hold that § 1154(l) was intended to bar married sons who didn't reside in the U.S. at the time of their parent's death from immigrating, a court would have to conclude that it impliedly (since it certainly did not do so directly) amended  § 1153(a)(3) inasmuch as, at least in this circuit, prior to § 1154(l)'s enactment, the plain language of § 1153(a)(3) dictated that the beneficiaries of family based petitions married sons could immigrate to the U.S. regardless of the death of their petitioner.[3]

The Supreme Court has held that ""An implied repeal will only be found where provisions in two statutes are in 'irreconcilable conflict,' or where the latter Act covers the whole subject of the earlier one and 'is clearly intended as a substitute.'" *Branch v. Smith*, 538 U.S. 254, 273 (2003). The issues are the same for an implied amendment. *St. Martin Evangelical Lutheran Church v. South Dakota*, 451 U.S. 772, 788 (1981).

Here the case for implied amendment does not begin to satisfy the requirements of *Branch*. As the *Desai* court admitted "the language of § 1154(l) does not provide explicit statutory authority for denials of petitions on behalf of relatives of citizens who die while the petition is pending". *Desai,* at *3. Therefore § 1154(l) cannot be said to be in irreconcilable conflict with so much of § 1153(a)(3) which authorizes married sons to immigrate to the U.S.

---

[2] *See Taing v. Napolitano*, 567 F.3d 19 (1st Cir. 2009) and *Freeman v. Gonzales*, 444 F.3d 1031, 1034 (9th Cir. 2006).

[3] *Desai* tacitly concedes that this was also the law of the 9th Circuit, at least prior to the enactment of § 1154(l), when it opined that "[u]nfortunately for Plaintiff, after *Freeman* was decided, Congress amended the INA to add 8 U.S.C. § 1154(l):". *Desai,* 2015 U.S. Dist. LEXIS 97084, at *1-3 (C.D. Cal. July 24, 2015). *Freeman* was, of course, a case involving a surviving spouse who had been married for less than 2 years at the time of her petitioner's death, just as *Lockhart* was, and in fact *Lockhart* relied very heavily upon *Freeman* in coming to its decision. *See, e.g., Lockhart*, 561 F.3d at 255-257.

even when their citizen parent has died (and regardless of whether they reside in the U.S.). In fact the 2 statutes are easily reconcilable: § 1154(l) simply makes it clear that resident married sons can immigrate regardless of the death of their parents, without expressing any opinion as to the fate of their nonresident counterparts.

At worst, not treating § 1154(l) as amending so much of § 1153(a)(3) as permits noncitizen, nonresident married sons to immigrate despite the deaths of their parents, could be considered to make § 1154(l) redundant of certain portions § 1153(a)(3), at least in the 1st, 6th and 9th circuits. However, the fact that statutes are partially redundant does not make them irreconcilable. *See United States v. Batchelder*, 442 U.S. 114, 118, (1979) ("overlapping statutes" with "partial redundancy" "fully capable of coexisting").

## II.   THE USCIS'S REVOCATION OF MR. SAKOO'S VISA PETITION SHOULD BE HELD UNLAWFUL AND SET ASIDE IN THAT IT IS NOT IN ACCORDANCE WITH LAW.

### A.   THE REVOCATION OF MR. SAKOO'S PETITION RELIED SOLELY UPON THE USCIS'S INVALID REGULATION AT § 205.1(a)(3)(i)(C)

Inasmuch as 8 C.F.R. § 205.1(a)(3)(i)(C) was the sole basis cited by the agency for revoking Mr. Sakoo's petition,  the revocation should be held unlawful and set aside. *Citizens for Responsibility & Ethics in Wash. v. FEC*, 316 F. Supp. 3d 349, 367 (D.D.C. 2018).  While the agency protests that this Court lacks subject matter jurisdiction to review a revocation under 8 U.S.C. § 1155, in fact the decision revoking this petition relies solely upon § 205.1(a)(3)(i)(C) and does not even mention Section 205 of the Act. Accordingly, 8 U.S.C. § 1252(a)(2)(B)(ii) is no bar to the review of this revocation inasmuch as it relied solely upon the invalid 8 C.F.R. § 205.1(a)(3)(i)(C).

**B.  8 U.S.C. § 1252(a)(2)(B)(ii) DOES NOT BAR THE REVIEW OF SUBSTANTIVE ERRORS OF LAW**

But even if section 1155 were found nominally applicable here, section 1252(a)(2)(B)(ii) still would not apply because "a prohibition against the review of a discretionary decision need not extend to non-discretionary decisions upon which the discretionary decision is predicated." *Billeke-Tolosa v. Ashcroft*, 385 F.3d 708, 711 (6th Cir. 2004). In *Billeke-Tolosa* the court concluded it had jurisdiction to review the discretionary denial of an application for adjustment of status when the IJ ignored BIA precedent in improperly considering criminal charges of which the respondent had not been convicted in unfavorably exercising discretion. The court concluded that it had jurisdiction over that decision because "we may review the non-discretionary decisions that underlie determinations that are ultimately discretionary" Id.

Here the decision to revoke Mr. Sakoo's visa petition was certainly predicated upon a per se nondiscretionary decision to automatically revoke family based immigrant visa petitions upon the death of the petitioner.  As shown above, this is unlawful, at least as it applies to married sons of U.S. citizens. Accordingly, this Court lacks jurisdiction over this action only if the USCIS was free to ignore the Sixth Circuit's decision in *Lockhart*. *Billeke-Tolosa* at 711 ("we lack jurisdiction over this appeal--which seeks to redress the IJ and BIA's  failure to follow binding BIA rules--only if the IJ was free to ignore the BIA's binding rules."). But see *Mehanna v. USCIS*,  677 F.3d 312 (6th Cir. 2012).

To the extent that *Mehanna* may be read to stand for the proposition that a discretionary decision cannot be reviewed even when it is premised on an error of law, it has no precedential value inasmuch as it is inconsistent with the Sixth Circuit's earlier decision in *Billeke-Tolosa*.

*See Pfeiffer v. Marion Ctr. Area Sch. Dist.*, 917 F.2d 779, 781 (3d Cir. 1990) (because a panel is bound by prior panel precedent, to the extent that a conflict exists, the earlier case will control).

### C.  8 U.S.C. § 1252(a)(2)(B)(ii) DOES NOT BAR THE REVIEW OF PROCEDURAL ERRORS OF LAW

However, even if this Court were to find that it was helpless to overturn a decision premised upon an invalid regulation merely because the statute pursuant to which this regulation was improperly established precluded review, it still could and should invalidate this decision for its failure to comply with the procedural requirements of 8 C.F.R. §  205.2. This regulation provides in relevant part that:

> Any Service officer authorized to approve a petition under section 204 of the Act may revoke the approval of that petition upon notice to the petitioner on any ground other than those specified in § 205.1 when the necessity for the revocation comes to the attention of this Service.
>
> **(b)** Notice of intent. Revocation of the approval of a petition of self-petition under paragraph (a) of this section will be made only on notice to the petitioner or self-petitioner. The petitioner or self-petitioner must be given the opportunity to offer evidence in support of the petition or self-petition and in opposition to the grounds alleged for revocation of the approval.

Inasmuch as the decision revoking the petition on behalf of Mr. Sakoo was not (properly) revoked on a ground specified in section 205.1, therefore the agency was required to comply with the procedural requirements of 8 C.F.R. § 205.2(b) prior to issuing the revocation. Regardless of whether substantive errors of law are barred from review under § 1252(a)(2)(B)(ii), procedural errors are not. As the 2nd Circuit recently explained:

It is an abecedarian principle of administrative law that agencies must comply with their own regulations." *Manguriu v. Lynch*, 794 F.3d 119, 122 (1st Cir. 2015). "This principle is applicable in the context of proceedings to revoke a visa petition." *Id.* Accordingly, our Court has held that compliance with regulations establishing procedural requirements is "not within the discretion of the Attorney General," so the INA's jurisdiction-stripping provision does not apply. *Sharkey v. Quarantillo*, 541 F.3d 75, 86 (2d Cir. 2008). Similarly, the Eleventh Circuit, also considering an I-140 revocation, has noted that if "USCIS failed to follow the correct procedure in revoking the I—140 petitions, that failure was not within USCIS's discretion." *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, 775 F.3d 1255, 1262 (11th Cir. 2014). "Section 1252(a)(2)(B)(ii) thus does not prevent judicial review of the conduct of the administrative proceedings." Id

*Mantena v. Johnson*, 809 F.3d 721, 729 (2d Cir. 2015)

Therefore, even if the Court should hold that following the invalidation of 8 C.F.R. § 205.1(a)(3)(i)(C), 8 U.S.C. § 1252(a)(2)(B)(ii) still bars review of the revocation of an immigrant visa petition pursuant to an invalid regulation, it still should nevertheless find that the review of procedural errors are not so barred, and find unlawful and set aside the USCIS's revocation decision for failing to comply with 8 C.F.R. § 205.2.

## **CONCLUSION**

The Court should deny the defendant's motion to dismiss and grant Mr. Sakoo's motion for summary judgment.

Respectfully Submitted this 4th Day of September, 2019

*s/ Michael E. Piston*
Michael E. Piston
Attorney for Plaintiff

CERTIFICATION OF SERVICE

I certify that on September 4, 2019, I electronically filed the foregoing

document with the Clerk of the Court using the ECF system which will send

14

notification of such filing to all counsel of record.

s/ Michael E. Piston
Michael E. Piston
Attorney for Plaintiff