UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANUALE H. SAKOO,

    Plaintiff,

                                          Case No. 19-11540
v.                                      Honorable Victoria A. Roberts
                                          Mag. Judge R. Steven Whalen

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

    Defendant.

_____/

## ORDER:

## (1) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE [ECF No. 14] AND
## (2) GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No.13]

### I.    INTRODUCTION

Eveln P. Keka ("Keka") filed a visa petition on behalf of her son,

Manuale H. Sakoo ("Sakoo"). Keka died while the application was pending

and before Sakoo relocated to the U.S. The United States Citizenship and

Immigration Services ("USCIS") subsequently revoked the visa petition.

Sakoo brings this suit to obtain an immigrant visa despite the death of his

petitioner-mother. Sakoo sues under 8 U.S.C. § 1153(a)(3)(C)(i).

USCIS filed a Motion to Dismiss. Sakoo filed an untimely responsive pleading, which the Court allowed and reviewed.

The Court finds it has no jurisdiction and that Sakoo fails to state a plausible claim. The Court **GRANTS** Defendant's motion.

## II.   BACKGROUND

On February 17, 2006, Keka filed a Form I-130 visa petition on behalf of her son, Sakoo, a resident and citizen of Germany. Keka classified Sakoo as a "married son of a U.S. citizen" (Preference Category F3). In November 2007, USCIS approved her visa petition and forwarded it to the Department of State's National Visa Center to await visa availability.

Before entering the United States, a beneficiary must wait for assignment of a visa number. *See* 8 C.F.R. § 204.2(d)(3). Beneficiaries might wait years before a visa becomes available; the demand for family-preference visas exceeds the supply. See *Scialabba v. Cuellar de Osorio*, 573 U.S. 41, 48 (2014). Every month, the Department of State sets a cut-off date for each family preference category, indicating that visas are available for beneficiaries with priority dates earlier than the cut-off. *See* 8 CFR § 245.1(g)(1); 22 CFR § 42.51(b); *Scialabba*, 573 U.S. at 41.

Within each preference category, visas are distributed on a first-come, first-serve basis and are available in order of priority date. *Scialabba*,

573 U.S. at 48. When Keka filed the petition in February 2006, no visas

were available for individuals in Sakoo's preference category, F3 (married

son of a U.S. citizen). The October 2007 visa bulletin listed the cut-off date

for F3 applicants from Germany as February 15, 2000. Sakoo's priority

date was February 17, 2006, the date Keka filed the petition.

On September 27, 2017, Keka died. Upon her death, USCIS revoked

Sakoo's visa petition. Sakoo filed this action against USCIS, alleging the

Government abused its discretion when it automatically revoked the visa

petition when Keka died.

## III.    STANDARD OF REVIEW

USCIS brings its motion under Fed.R.Civ.P. 12(b)(1) – claiming that

the Court lacks subject matter jurisdiction to review USCIS' decision – and

Fed.R.Civ.P. 12(b)(6) – arguing Sakoo fails to state a claim.

### A. Administrative Procedure Act (APA)

The Court reviews the Secretary's decision in accordance with the

standard of review set forth in the Administrative Procedure Act (APA). 42

U.S.C. § 1395oo(f)(1); *Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504,

512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994). Under the APA, the Court can

set aside an agency decision if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "unsupported by substantial evidence in a case ... otherwise reviewed on the record of an agency hearing provided by statute." 5 U.S.C. § 706(2)(A), (E).

The scope of review is narrow, and a Court must not substitute its judgment for that of the agency. *Motor Veh. Mfrs. Ass'n v. State Farm Mutual Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983).

### B. FRCP 12(b)(1)

Dismissal is appropriate under Fed.R.Civ.P. 12(b)(1) where the Court lacks subject matter jurisdiction over a plaintiff's claim. If a Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction based on the sufficiency of the allegations, the motion is a facial attack. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). In reviewing a Rule 12(b)(1) facial attack, the Court must accept all material allegations as true and construe them in a light most favorable to the non-moving party. *Id.* The Court should review 12(b)(1) challenges before others. Gould, Inc. V. Pechiney Ugine Kuhlmann, 853 F.2d 445, 450 (6th Cir.1988).

USCIS' 12(b)(1) challenge to standing encompasses "facial" attacks on the Court's subject matter jurisdiction, placing the burden on Sakoo to show jurisdiction. *Golden v. Gorno Bros., Inc.,* 410 F.3d 879, 881 (6th Cir.

2005); *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

## C. FRCP 12(b)(6)

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests a complaint's legal sufficiency. The federal rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged. *Id.* This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555 (while detailed factual allegations are not required, a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action"). Ultimately, the question is "'not whether [the plaintiff] will ultimately prevail' . . . but whether [the] complaint [is] sufficient to cross

the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citations omitted).

In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pled factual allegations, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

## IV. ANALYSIS

### A. Petitions for Married, Adult Children Under the Immigration and Nationality Act (INA) Are Revocable

Under §1154 of the Act, a lawful permanent resident may petition the Attorney General for a visa for a married, adult child. 8 U.S.C. § 1154(a)(2)(b)(ii). Although § 1154 specifically refers to the Attorney General – and § 1155 specifically refers to the Secretary of Homeland Security – the Homeland Security Act of 2002 states that "all statutory references to the Attorney General in immigration statutes are construed as referencing

the appropriate DHS official." *Hamdi ex rel Hamdi v. Napolitano,* 620 F.3d 615, 621 n.4 (6th Cir. 2010).

## 1. § 1155 Is Within The Discretion Of The Secretary To Revoke Petitions

The Court begins by asking whether the authority to revoke visa petitions, pursuant to § 1155, is within the discretion of the Secretary.

The Court must first look to the plain language of the statute. *Mwarasu v. Napolitano,* 619 F.3d 545, 549 (6th Cir. 2010). If the text of the statute is unambiguous, the Court looks no further to determine its meaning. *Chrysler Corp. v. Comm'r of Internal Rev*enue, 436 F.3d 644, 654 (6th Cir. 2006). However, if the meaning of the statute is not clear upon a plain reading of the full text, the Court must consider the "common-law meaning of the statutory terms." *Hamdi,* 620 F.3d at 621. Finally, if the statutory language is unclear, the Court must look to legislative history. *Id.*

Upon a plain reading of the text of this statute, the Court finds that it is clear: the Secretary has discretion to revoke approved petitions, at any time, for any reason, judged to be sufficient cause.

The statute provides:

The Secretary of Homeland Security *may, at any time, for what he deems to be* good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title. Such revocation shall be effective as of the date of approval of any such petition.

(emphasis added).

The statute says that the Secretary "may" revoke a petition "at any time." This suggests discretion. *Zacdvydas v. Davis,* 533 U.S. 678, 697 (2001)("'may' suggests discretion"); *Ghanem v. Upchurch,* 481 F.3d 222, 224 (5th Cir.2007) (finding that revocation "at any time" "also connotes discretion"); *El–Khader v. Monica,* 366 F.3d 562, 567 (7th Cir.2004) (the combination of "may" and "at any time" "signifies a discretionary decision").

Although the conditions for revocation seem limited to situations where there is "good and sufficient cause," what constitutes good and sufficient cause is wholly within the Secretary's discretion, as well, because it is what he "deems" it to be. The term "deem" is not defined in the INA, *see* 8 U.S.C. § 1101, but the common meaning of "deem" is "to consider, think, or judge." Black's Law Dictionary (11th ed. 2019).

The plain language of the statute indicates that the Secretary judges whether good and sufficient cause exists to revoke a petition, decides whether to revoke it, and can revoke at any time, or not at all. *See e.g. Hanif v. Dept. of Homeland Security,* 472 F.Supp.2d 914 (E.D. Mich. 2007);

*Mohammad v. Napolitano,* 680 F.Supp.2d 1, 7 (D. D.C. 2009); *Global*

*Export/ Import Link, Inc. v. United States Bureau of Citizenship and*

*Immigration Services,* 423 F.Supp.2d 703, 705 (E.D. Mich. 2006).

DHS enacted federal regulations, including 8 C.F.R. § 205, to implement

the revocation power authorized in § 1155. This regulation provides for

automatic revocations. *See* 8 C.F.R. § 205.1.

> (a) Reasons for automatic revocation. The approval of a petition or self petition made under [8 U.S.C. § 1154] . . . is revoked as of the date of approval: . . .
>
>> (3) If any of the following circumstances occur before the beneficiary's or self-petitioner's journey to the United States commences . . . :
>>
>>> (c) *Upon the death of the petitioner*, unless:
>>>
>>>> (2) [USCIS] determines, as a matter of discretion exercised for humanitarian reasons in light of the facts of a particular case, that it is inappropriate to revoke the approval of the petition. USCIS may make this determination only if the principal beneficiary of the visa petition asks for reinstatement of the approval of the petition and establishes that a person related to the principal beneficiary in one of the ways described in [8 U.S.C. § 1183a] is willing and able to file an affidavit of support under 8 CFR part 213a as a substitute sponsor.

Sakoo contends that 8 C.F.R. § 205.1(a)(3)(i)(C) is invalid and violates the "good and sufficient cause" requirement for revocation under 8 U.S.C. § 1155. Am. Compl. ¶ 13. He relies on the reasoning in *Lockhart* to conclude that USCIS should not have automatically revoked his petition upon his petitioner-mother's death. *Lockhart v. Napolitano*, 573 F.3d 251 (6th Cir. 2009). *Lockhart* involved a married couple, and the alien-spouse was already in the United States when the petitioner spouse applied for a visa. The court held that USCIS could not revoke an alien-spouse's petition upon the death of the petitioner-spouse under these circumstances.

However, alien-spouses are not in Sakoo's preference category and courts have not extended the *Lockhart* interpretation to married sons of U.S. citizens. While Sakoo says that *Lockhart's* "reasoning leads inexorably to the conclusion that all married sons of citizens continue to be so defined even after the citizen petitioners have deceased," he does not provide any support for his interpretation. [ECF No. 14-2, PageID. 137]. Notably, courts repeatedly uphold the validity of the Secretary's revocation of visa petitions upon the death of the petitioning relative. *See Mehanna v. U.S. Citizenship and Immigration Services*, 677 F.3d 312, 314 (6th Cir. 2012); *Doe v. McAleenan*, 926 F.3d 910, 913 (7th Cir. 2019); *Bernardo v. Johnson*, 814 F.3d 481, 484 (1st Cir. 2016); *Green v. Napolitano*, 627 F.3d 1341, 1346

10

(10th Cir. 2010); *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009);

*Sands v. DHS*, 308 F. App'x 418, 419 (11th Cir. 2009); *Ghanem v.*

*Upchurch*, 481 F.3d 222, 224-25 (5th Cir. 2007); *Jilin Pharm. USA, Inc. v.*

*Chertoff*, 447 F.3d 196, 204 (3d Cir. 2006); *El-Khader v. Monica*, 366 F.3d

562, 568 (7th Cir. 2004); *see also Desai v. U.S. Citizenship & Immigration*

*Serv.*, No. 14-593, 2015 WL 12570904, at *2 (C.D. Cal. July 24, 2015)

(denial of petitions on behalf of relatives of citizens who die while the

petition is pending is a "long-standing practice"); *Ma v. USCIS Dir.*, No. 15-

cv-05672-MEJ, 2016 WL 5118367 (N.D. Cal. Sept. 21, 2016) (agency's

interpretation of section 1155 is entitled to deference.)

Next, Sakoo argues that 8 C.F.R. § 205.1(a)(3)(i)(C) is invalid

because it is inconsistent with 8 U.S.C. § 1154(l). In 2009, Congress

amended § 1154 for those aliens "who resided in the United States at the

time of the death of the qualifying relative and who continue to reside in the

United States." 8 U.S.C. § 1154(l). However, the amendment says nothing

about aliens, like Sakoo, who were never admitted to the United States and

who would not be faced with the possibility of deportation. Instead,

Congress provided a remedy for certain beneficiaries who had petitions

filed on their behalf by deceased petitioners and who were already in the

United States and otherwise faced the possibility of deportation. *See Desai*,

2015 WL 12570904, at *2 ("The text of §1154(l) indicates that Congress

intends that certain petitions be denied where the citizen sponsor has died

unless the requirements of §1154(l) are met."). Sakoo's reliance on this

amendment is misguided, and he does not meet the requirements of

§1154(l).

USCIS automatically revoked Sakoo's petition upon the death of his

petitioner-mother, Keka, because her death occurred before Sakoo

journeyed to the United States. 8 C.F.R. § 205.1(a)(3)(i)(c). It is undisputed

that Ms. Keka died on September 27, 2017, and USCIS relied on this death

to automatically revoke the petition. Automatic revocation under section

205.1(a)(3)(i)(c) is a reasonable construction of the statute. Accordingly,

Sakoo fails to state a plausible claim for relief.

## 2. Court Lacks Subject Matter Jurisdiction To Review The Secretary's Revocation

USCIS says the Court has no subject matter jurisdiction to review the

revocation of Sakoo's petition because Congress stripped federal courts of

jurisdiction to review discretionary decisions.

The INA has a jurisdiction-stripping provision. It states "no court shall

have jurisdiction to review" any "decision or action of the Attorney General

12

or the Secretary of Homeland Security the authority for which is specified

under this subchapter to be in the discretion of the Attorney General or the

Secretary of Homeland Security, other than the granting of relief under

section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B) (citing *Jomaa v.*

*United States,* 940 F.3d 291 (6th Cir. 2019)).

USCIS revoked Sakoo's visa petition pursuant to 8 C.F.R.

§ 205.1(a)(3)(i)(C), which says that "the approval of a petition...is

revoked...upon the death of the petitioner," if the death occurs before the

beneficiary comes to the United States. Here, Keka died before USCIS

approved his visa petition and before Sakoo came to the United States.

In *Mehanna v. U.S. Citizenship and Immigration Services*, 677 F.3d 312,

313 (6th Cir. 2012), the Sixth Circuit held that the decision to revoke an

approved visa petition under 8 U.S.C. § 1155 is a decision within the

discretion of the Secretary such that, under § 1252(a)(2)(B)(ii), it is not

subject to judicial review.

8 U.S.C. § 1252(a)(2)(B) provides that: "no court shall have jurisdiction

to review ... (ii) any ... decision or action of the Attorney General or the

Secretary of Homeland Security the authority for which is specified under

this title to be in the discretion of the Attorney General or the Secretary of

Homeland Security." "[A]ny revocation that occurs pursuant

to 8 C.F.R. § 205.1 must be authorized under the power specified in 8

U.S.C. § 1155...[and] 8 U.S.C. § 1155 specifies that the decision to revoke

an approved petition is within the discretion of the Secretary..." *Mehanna v.*

*Dedvukaj*, No. 09-14510, 2010 WL 4940016, at 3 (E.D. Mich. Nov. 30,

2010), *aff'd, Mehanna*, 677 F.3d 312, 317.

The Secretary's decision is not subject to judicial review, and this Court

lacks subject matter jurisdiction.

## V.    CONCLUSION

The Court finds that USCIS adhered to 8 U.S.C. § 1155, and its

reasonable interpretation of that statute in 8 C.F.R. § 205.1(a)(3)(i)(c),

when it revoked approval of the petition. Sakoo fails to state a claim upon

which relief can be granted.

Further, Sakoo fails to satisfy his burden to show that this Court can

review the Secretary's discretionary decisions. The Court has no

jurisdiction to adjudicate Sakoo's challenge.

The Court **GRANTS** Respondents' motion to dismiss [Doc. 13] and

**DISMISSES** this case with prejudice.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 16, 2019